# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 15-3058-01-CR-S-MDH |
| **MARILYN BAGLEY,** a/k/a Marilyn Blackburn | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, and Patrick Carney, Assistant United States Attorney, and the defendant, Marilyn Bagley, also known as Marilyn Blackburn ("the defendant"), represented by Celeste Johns.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea**. The defendant agrees to and hereby does plead guilty to Count 1 of the indictment charging her with a violation of 18 U.S.C. § 2250(a), that

is, failure to register or update registration as a sex offender. By entering into this plea agreement, the defendant admits that she knowingly committed this offense, and is in fact guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which she is pleading guilty are as follows:

>Marilyn Bagley (BAGLEY), also known as Marilyn Blackburn, was convicted of conspiracy to commit commercial sex trafficking on October 17, 2013 in the U.S. District Court for the Western District of Missouri in case 4:10-CR-00244-DW. Based on this conviction BAGLEY is a Tier II sex offender.

>BAGLEY last registered as a sex offender with the Laclede County Sheriff's Office on January 20, 2015, and provided her address as 17272 Campground Road in Phillipsburg, Missouri. BAGLEY signed that she read and understood her requirements to register or update her registration within 3 business days each time that she changed her residence and/or employment.

>On March 18, 2015, Detective Robert Finley with the Laclede County Sheriff's Office interviewed BAGLEY with U.S. Probation Officer Brad Cox. BAGLEY stated that she has been working and living at the Munger Moss Motel since approximately February 14, 2015. BAGLEY provided Detective Finley with a written statement with these facts. During the course of the interview, Detective Finely explained to BAGLEY her requirements to register and how she failed to properly update her registration to reflect her current residence and new place of employment. Detective Finley then interviewed the owner of the Munger Moss Motel, Ramona Lehman. Lehman stated that BAGLEY has been working for her at the motel in exchange for rent. Lehman further stated that BAGLEY has been living at the motel with Frank Smith for a couple of months.

>On March 23, 2015, Probation Officer Cox submitted a violation report to Senior U.S. District Judge Dean Whipple. In the violation report Probation Officer Cox stated on March 5, 2015, he conducted surveillance at BAGLEY's registered address of 17272 Campground Road in Phillipsburg, Missouri. Probation Officer Cox conducted surveillance from approximately 6:00 a.m. until approximately 7:30 a.m. During this time period, Probation Officer Cox did not see BAGLEY's vehicle at the

2

residence nor did he see BAGLEY leave the house. On the same date Probation Officer Cox conducted surveillance at BAGLEY's place of work, the Days Inn in Lebanon, Missouri. Probation Officer Cox observed BAGLEY's vehicle pull up and BAGLEY exit the passenger side of the vehicle at approximately 8:05 a.m. Probation Officer Cox confronted BAGLEY. BAGLEY stated that she just left her house at 17272 Campground Road in Phillipsburg. Probation Officer Cox knew that BAGLEY was not truthful regarding her whereabouts as he had her listed residence in Phillipsburg under surveillance immediately prior to confronting her at the Days Inn.

On March 12 and 13, 2015, Probation Officer Cox conducted surveillance at the Munger Moss Motel, located at 1336 East Route 66 in Lebanon, Missouri. Probation Officer Cox observed BAGLEY's 1999 white Pontiac Bonneville with Missouri license plate WC7-C2J parked outside of room number 10 on both dates. Probation Officer Cox observed BAGLEY leaving room number 10 approximately at 8:00 a.m on both dates.

On March 26, 2015, DUSMs Cable and Lane interviewed Frank Smith at the Jones Auto and Truck Plaza in Lebanon, Missouri. Smith stated that BAGLEY had been living with him since approximately February 14, 2015. Smith stated that before BAGLEY moved in with him she was living in Phillipsburg, Missouri with her son, Ed Bagley, Jr.

On the same date, DUSMs Cable and Lane interviewed Ramona Lehman at 1336 East Route 66 in Lebanon, Missouri. Lehman is the owner of the Munger Moss Motel. Lehman stated that BAGLEY and Frank Smith had been living at her motel in room 10 since approximately December of 2014. Lehman told investigators BAGLEY worked at the motel to pay for the room that she was living in with Frank Smith.

On March 27, 2015, Probation Officer Cox contacted Ed Bagley, Jr. Ed Bagley, Jr. informed Probation Officer Cox that BAGLEY moved out of his address at 17272 Campground Road in Phillipsburg, Missouri in the middle of December of 2014. Ed Bagley, Jr. further stated that BAGLEY would stay at his house once or twice a week, but the vast majority of the time he did not see her and did not know where she was staying. To date, BAGLEY has never updated her registration to Laclede County, Missouri to indicate that she was living at the Munger Moss Motel located at 1336 East Route 66, Lebanon, Missouri.

3

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which she is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon her plea of guilty to Count 1 of the indictment charging her with failure to register or update her registration as a sex offender, pursuant to Title 18, United States Code, Section 2250(a), the minimum penalty the Court may impose is probation, while maximum penalty the Court may impose is not more than 10 years of imprisonment, a $250,000 fine, not less than 5 years of supervised release and not more than a lifetime term of supervised release, and a $100 mandatory special assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life for Count 1; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

d. if the defendant violates a condition of her supervised release, the Court may revoke her supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. If the defendant commits any criminal offense under chapter 109(A), 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than five years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

h. the defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court.

5

7. **Government's Agreements.**  Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to her failure to update and maintain her sex offender registration and making false statements to a federal agent, for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement.  If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence.  The defendant expressly waives her right to challenge the initiation of the dismissed or additional charges against her if she breaches this agreement.  The defendant expressly waives her right to assert a statute of limitations defense if the dismissed or additional charges are initiated against her following a breach of this agreement.  The defendant further understands and agrees that if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts her plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable

Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, she will not be permitted to withdraw her plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

> a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";
>
> b. The parties agree to jointly recommend to this Honorable Court that a sentence of imprisonment in the above captioned case run concurrently to the sentence the defendant was ordered to serve by the District Court in 4:10-CR-0244-DW as part of her supervised release revocation that occurred on April 29, 2015.
>
> c. The defendant has admitted her guilt and clearly accepted responsibility for her actions. Consequently, she is entitled to a two-level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines;
>
> d. The parties agree that the Court will determine her applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;
>
> e. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw her plea of guilty;
>
> f. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

g. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and,

h. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that she will make during her plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

9

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

> a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;
>
> b. comment on the evidence supporting the charge in the indictment;
>
> c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and,
>
> d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

> a. the right to plead not guilty and to persist in a plea of not guilty;
>
> b. the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;
>
> c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;
>
> d. the right to confront and cross-examine the witnesses who testify against her;
>
> e. the right to compel or subpoena witnesses to appear on her behalf; and,
>
> f. the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court may ask her questions about the offense or offenses to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making a false statement. The defendant also understands she has pleaded guilty to a felony offense and, as a result, will lose her right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant represents that she understands and agrees to the following financial obligations:

a. The Court may order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which she has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to her to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100.00 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's

12

receipt as evidence of her fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that she has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that she will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13

19. **Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against her in any and all criminal proceedings.  The defendant waives any rights that she might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

20. **Defendant's Representations.**  The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel.  The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement.  The defendant further acknowledges

14

that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorneys or any other party to induce her to enter her plea of guilty.

21. **<u>Sex Offender Registration.</u>** The defendant acknowledges that she has been advised, and understands, that by pleading guilty to the instant offense, she will be required under the Sex Offender Registration and Notification Act (SORNA), a federal law, to register as a sex offender and keep the registration current in each of the following jurisdictions: where she resides; where she is employed; and where she is a student. The defendant also acknowledges that she understands that the requirements for registration include providing her name, her residential address, the names and addresses of any places where she is, or will be, an employee or student, or any other relevant information. The defendant further acknowledges that she understands that the requirement to keep the registration current, includes registering in the jurisdiction in which she resides, is an employee, or is a student and must be done within 72 hours of any such change in status. The defendant also agrees that she will provide her Probation Officer proof of registration within 72 hours of release from imprisonment and abide by all state and federal sex offender registration laws, as well as abiding by all of her Probation Officer's directives.

The defendant acknowledges that she has been advised, and understands, that failure to comply with these obligations could subject her to either state prosecution, or federal prosecution for failure to register, pursuant to Title 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

22. **No Undisclosed Terms.**  The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.**  The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.  The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                          Tammy Dickinson
                                          United States Attorney

Dated: <u>7-9-2010</u>                       */s/ Patrick Carney*
                                          Patrick Carney
                                          Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 7-9-2015				*/s/ Marilyn Bagley*
					Marilyn Bagley
					a/k/a/ Marilyn Blackburn
					Defendant

I am defendant Marilyn Bagley's attorney. I have fully explained to her, her rights with respect to the offense charged in the indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with her. To my knowledge, Marilyn Bagley's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 7-9-2015				*/s/ Celeste Johns*
					Celeste Johns
					Attorney for Defendant