# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-03058-01-CR-S-MDH |
| ) | |
| MARILYN BAGLEY(BLACKBURN) ) | |
| a/k/a Marilyn Blackburn ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF THE
## DEFENDANT'S REQUEST FOR A REASONABLE SENTENCE

**Comes now** Marilyn Bagley(Blackburn), defendant herein, by and through her undersigned counsel, and respectfully submits this sentencing memorandum in support Defendant's request for a reasonable sentence from this Court.

### I. INTRODUCTION AND SENTENCING HISTORY

On July 9, 2015, Defendant entered a plea of guilty to the single count Indictment herein. As the government would admit, this case is extensively fused with revocation proceedings in Case No. 10-CR-00244-DW, for which in April 2015 a sentence of 48 months in the Bureau of Prisons with no supervised release to follow was imposed as to Ms. Bagley(Blackburn). The portion of the sentence as to the amount of imprisonment was significantly greater than the guideline range (4-10 months) calculated for the offense level (Grade C violation) and criminal history (category II) that the revocation proceedings were conducted pursuant to.

Thus, the commentary cited in PSR ¶ 63 pursuant to U.S.S.G. 5G1.3 (n.3(c)) that such terms could be imposed consecutively does not seem to take into consideration the circumstances

1

when a large upward departure has already occurred in the undischarged sentence for the probation revocation.  Defendant would merely describe for the Court that if defendant had received a guidelines range sentence for both the revocation and the current charge that such would amount to a total range of 19-31 months.  A sentence of 48 months has already been imposed for the conduct herein through the revocation proceedings.  Accordingly, Defendant would respectfully suggest that pursuant to the 18 U.S.C. §3553(a) factors of "… (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct…." will occur with the Court imposing a guideline sentence herein that would run concurrent with the sentence already imposed, but undischarged, in Case No. 10-CR-00244-DW.

## II. ADDITIONAL SECTION 3553(a) BASIS FOR DEFENDANT'S REQUEST

A.   *The History and Characteristics of the Defendant*

As described in PSR ¶ 44-45, Ms. Bagley(Blackburn) has medical conditions that impair her functioning physically.  Much of this, as the defendant can describe in her allocution statement at sentencing, have been caused historically by involuntary use of "diet drugs," which have damaged her heart, esophagus and memory.  U.S.S.G. § 5H1.4 provides that "an extraordinary physical impairment may be a reason to impose a sentence below the guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." See *U.S. v. Martin*, 363 F.3d 25 (1st Cir. 2004) (in tax fraud case, three level downward departure proper (and possibly more on remand) where "several serious medical conditions make Martin's health exceptionally fragile [and] ...we are not convinced that the BOP can adequately provide for Martin's medical needs during an extended prison term [and] [t]here is a high probability that lengthy incarceration will shorten Martin's life

2

span"); *U.S. v. Gee*, 226 F.3d 885 (7th Cir. 2000) (downward departure under §5H1.4 based on health upheld where judge found "imprisonment posed a substantial risk to [defendant's] life,"). Defendant, Ms. Bagley(Blackburn), is not raising this guideline section for the purposes of a guidelines range departure, but that when the Court is determining whether a concurrent or consecutive sentence is imposed that such factor be taken into consideration.

Defendant asserts that given the medical issues that defendant already has that a consecutive, lengthier sentence would adversely affect defendant's long term health and life span more than most defendants.

B. *Defendant's vulnerability in prison due to medical conditions.*

Defendant's history has reflected a propensity to be victimized by those stronger, healthier and larger than the defendant. Defendant at barely five feet tall and being small framed in addition thereto, and not very physically capable will face more difficulty incarcerated than the average defendant in terms of being able to insure her own safety from other, more violent and physically capable inmates. Moreover, as defendant ages [she is now 50 years of age] such vulnerability will only increase. Accordingly, defendant asserts that a lengthier incarceration than she has already incurred would make her more vulnerable than the average defendant the longer such incarceration lasts due to her physical limitations, her medical conditions, especially her cardiovascular conditions, and her age.

Age can also be a factor for the Court to consider when deciding what is a reasonable sentence pursuant to U.S.S.G. § 5H1.1: "Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

3

Again, Defendant is not raising such factor [age] for the purposes of a guidelines range departure, but would request that when the Court is determining whether a concurrent or consecutive sentence is imposed that such factor be taken into consideration.

C. *Defendant's Need for Training, Medical Care, or Other Treatment in the Most Effective Manner*

As described in PSR ¶ 50, Defendant has a history of "diet drug" usage that she would like to overcome. The Defendant is therefore requesting that the Court recommend the 500 hour-RDAP program to assist her on her path to recovery. A concurrent sentence to the one already imposed as to this Defendant would already allow a length of time incarcerated for Ms. Bagley/Blackburn to qualify for the RDAP program if the Court recommends such.

Defendant is also interested in mental health counseling and the UNICOR program in order to assist her in her codependency issues as well. A concurrent, within guidelines range sentence herein will provide adequate protection for the public in allowing time for defendant while incarcerated to obtain the mental health and drug counseling she needs to further her recovery along so that once she is released that she will have the emotional skills she needs to live independent from negative influences.

## IV. CONCLUSION

Ms. Bagley/Blackburn is remorseful and ashamed. Most importantly, however, she is being punished with the sentence in her revocation proceedings. She has now served most of this calendar year in a county jail facility. She and others who would think of engaging in similar misconduct most assuredly are deterred because of the time Defendant has already spent in county jail and the rest of her sentence already imposed to follow. A sentence imposed herein concurrent to her sentence from the revocation proceedings with a guidelines range term of

4

supervised release would constitute a just sentence given the circumstances and 18 U.S.C. 3553(a) factors described hereinabove.

Respectfully submitted,

/s/ Celeste K. Johns

_____

Celeste K. Johns
Mo. Bar No. 38495

1st Floor, The Hammons Tower
901 St. Louis Street, Suite 107
Springfield, Missouri 65806
Telephone: 417-864-7400
E-mail:ckjlaw1@sbcglobal.net

Attorney for Defendant Marilyn Bagley(Blackburn)
a/k/a Marilyn Blackburn

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of November, 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

/s/ Celeste K. Johns_____
CELESTE K. JOHNS